OPINION of the Court, by
Judge Ct ark.-
John Rogers, on the 12th day of December 1787, for a va-juagje consideration, executed his bond to Francis M'-Donald and Hugh Martin, for 400 acres of land, to be laid off on tlie westwardly end of a survey of 1000 acres, jor which he held a patent. On the 28th of December 1784, he bound himself by bond to convey to Samuel Flournoy 200 acres, part of the same survey, in an ob-Jong form, off the end nearest Strode’s station, that should be clear of prior claims. And in June 1786, he executed another bond to Flournoy for 200 acres more, ^Seining the first, to be laid off in as good form as the nature of the survey would admit. On the 3d of March 1787, Flournoy assigned these two bonds to 'j'humas Allen, who on the 3d of J une 1789, assigned i. ,;to I homas Barry, jun. and the latter to 1 nomas i»a.r , sen. Elijah Craig had a claim which interfer- * c(j ,,,vrt pviili this claim of Rogers. Craig had also sold part of ills claim to Joseph Kelly and William hash. On the 15th of September 1792, it was agreed Craig and Rogers, that Rogers should yield to p -> . , . ° J Ci m; all the land that was in his survey, except 800 llU-ei> off the most westwardly end, and that Craig spiOUpj yje]£i t« him so much of his survey as should interfere with the 800 acres. Craig had the land sur-,Veyed to the purchasers under Rogers in several sur-veys, and sent the plats to him, with assurances they J > t ’ J were correct. Rogers conveyed to the purchasers t <* >’ ly 'o fuo surveys made by Craig, and had the - . u. v. j scoaled without their having been accep-> fit, t v. M'Donald, Martin and the two Barry» • •• .ubi . ■ . ,,h joint bill against Rogers, Craig, Kelly d Ud- i, a'legmg that about 200 acres of the land pur-: . f oi Rogers had been fraudulently surveyed by • ; ■ . g oat of the lines of Rogers’s survey, 130 of which -h v íi.» I been evicted of bv virtue of a claim in the , r panm oi 1 bomas Hind, and praying a conveyance oi *315 ibe full quantity purchased, out of the part conveyed to Kelly and Rash. The cause being set for hearing as to Craig, Kelly and Rash, on final hearing the bill was dismissed : to which decree the complainants prosecute this writ of error.
Antecedent to an investigation of the merits of this cause, two questions occur — 1st, Had the complainants such an interest as enabled them to join in the action ? and 2d, if they had, were all the persons whose interests were liable to be affected by the relief prayed, before the court? To prevent confusion in the administration of justice, and render it as little complex as possible, it is a general rule, that several plaintiffs claiming distinct rights cannot join in the same action. Exceptions are sometimes admitted to this rule to avoid multiplicity of suits and to bring all parties who may be affected by the decree before the court, suits have been brought by parties who had separate rights and interests ; but we know of no case in which this has been allowed, except in favor of devisees, legatees and creditors. In our researches upon this subject, we have found -no case where plaintiffs deriving their right through different ^channels, though they may centre in the same stock, have joined in the action. The confusion which would necessarily arise from it, is so clearly demonstrated in this cause, without very strong reasons we ought not to depart from the rule. M’Donald and Martin claim 400 acres, by immediate purchase from Rogers. The two Barry’s were neither parties nor privies to that contract : they claim by virtue of a purchase made by Flournoy for a distinct parcel. The deeds from Rogers never having been accepted, and if, as the complainants contend, are not in pursuance of the contract, the Injury to all would not be the same in extent, nor of the same nature : for more land being assigned to them than would be sufficient to satisfy some of the bonds, they could not all have a cause of complaint. Beside, the bonds call for land out of different parts of the survey ; that to M’Donald and Martin, is for land off the west end of the survey, and that of the Barrys off the end nearest Strode’s station. The interest of these parties, except that of M’Donald and Martin, were such as. did not authorise .them to jora in the action.
*316 On the second point, we think all the necessary par, ties.were not before the court. The object of a court of chancery is to do complete justice, by deciding upon and settling the rights of all persons interested in the subject of the suit, and to make the performance of the decree of the court perfectly sale to those who are bound to obey it. For this purpose, all persons whose rights are to be affected ought to be parties. Flournoy and Allen had a right in the subject of this controversy, and whether they had parted with it or not, could only be ascertained by their having been made parties, That the assignor of a bond has such an interest that the rules of chancery would require him to be made a party, see Johnston vs. Rankin, (ante 184) (a). By the principles settled in that case, which we think warranted both by reason and precedent, if the court below had ^ecreed ⅛ favor of the complainauts, it would have been CITO!**
la aH cases where a bill is dismissed for the want of Pr0Per parties, it should be without prejudice to com-menee a new suit ; this not having been done, the decree of the circuit court must be reversed far that cause. To this part of the opinion, judge Clark dissents : he thinks it is not embraced by any of the assignments of error.
Wherefore it is decreed and ordered, that the decree of the circuit court be reversed, that the cause be remanded to said court, with directions to dismiss the complainants’ bill with costs, but without prejudice to commence a new suit. And it is further decreed and ordered, that each party pay his own costs in this appeal.

 Vide vol 1. Smith vs. Harrow, 97—Bulb vs. Craig Macbir 15 — Hind’s Ch Pr.2, Mitford’s Plead. 144, Bart. Eq. 31, Harr.Ch. 76.